EUPHEMIA H. PARISH, plaintiff in error, *vs.* EDMUND T. MURPHY, defendant in error.

Under sections 1963, 1964, Code, a mechanic, in the action therein allowed for the recovery of his claim, and for the enforcement of his lien, may not only obtain a judgment allowing the lien, but also have a general judgment for his claim against the debtor, to which all of his property is subject.

Mechanic's lien. Judgments. Before Judge GIBSON. Richmond Superior Court. October Term, 1873.

Euphemia H. Parish brought complaint against Edmund T. Murphy for two adjoining lots of land, situate on Hole

Parish *vs.* Murphy.

street, in the city of Augusta.   The defendant pleaded title in himself by reason of a deed from the sheriff of the city of Augusta, made to him under a sale of the property in dispute, ·by virtue of an execution against the plaintiff.

The plaintiff showed title in herself by deed from the city of Augusta, dated October 23d, 1863, with possession thereunder to February 4th, 1868, when she was dispossessed by the sheriff of the city of Augusta, and the. defendant placed in possession.

The defendant introduced an execution against the plaintiff in favor of William H. Rich, which commanded the sheriff of the city of Augusta to make the money out of certain property on Calhoun street therein specified, and also "of the other goods and chattels of said defendant."   Showed the sale of the Hole street property thereunder, and the deed of the sheriff made in accordance therewith.

The plaintiff, in reply, introduced the record of the suit in which the execution aforesaid was obtained, from which it appeared that Rich had sued the defendant on an account, to which was added a count on a mechanic's lien against the Calhoun street property.   Judgment was rendered in favor of Rich, to be levied of the Calhoun street property, "and also to be levied of the other goods and chattels of said defendant."

The court charged the jury that the execution under which the defendant claimed the property in dispute legally authorized the sheriff to sell and convey the same, and if the said property was, by virtue of said execution, sold and conveyed to the defendant, the plaintiff was legally divested of her title, and all title that she had passed to the defendant.

To this charge the plaintiff excepted.   The jury found for the defendant.   Error is assigned upon the above ground of exception.

McLaws & Ganahl, by R. H. Clark, for plaintiff in error.

James S. Hook, by Samuel F. Webb, for defendant.

TRIPPE, Judge.

Can a mechanic, under sections 1963 and 1964 of the Code, institute suit for the enforcement of the lien provided for in section 1959, against the specific property on which his lien attaches, and in the same action obtain a general judgment against his debtor for the same debt? That is the main question presented in this case. We see no reason why this right should not exist. There is nothing in any of the provisions of the Code connected with this subject that at all indicates a contrary meaning. The two sections referred to use the usual terms applicable to ordinary suits, such as "the commencement of an action for the recovery of the amount of his claim," and " in declaring for such debt," etc. It is true it is stated that " if the lien is allowed, the verdict shall set it forth, and the judgment and execution be awarded accordingly." There need be no difficulty in all this under the decision we make. The pleadings must show the debt just as well as if they were only for the enforcement of the lien as they must when a general judgment is also claimed. If the creditor (mechanic) must prove his claim as fully to enforce his lien as he does to obtain a judgment having a general lien, what objection can there be in principle to his having both? The action is commenced at the usual time, served in the usual way, and awaits the second term, as all other suits do. It is not like the case of foreclosing a mortgage on personal property or of enforcing liens by summary process under the steamboat law. In those, the executions issue without notice to the debtor, and are properly confined to the specific property on which the lien is claimed. It is more like the case of an attachment, where the defendant replevies, or appears and defends, or has been notified of the attachment. In either of these cases the judgment binds all his property, but still retains the special lien on the property attached, and as directed by the law shall be first levied on such attached property: Code, section 3228. We hardly think that this rule as to what property shall be first levied on applies to the case of a suit by a mechanic. It

is a special provision made with reference to all attachments. The case of *Dunning & Tuttle vs. Stovall et al.*, 30 *Ga.*, 444, is not by any means in conflict with the construction we give these provisions of the Code. That was a suit by the mechanic against a trustee to enforce his lien against trust property. The suit was commenced too late for that purpose, the debt having been due more than twelve months. A demurrer being sustained, plaintiff moved to strike out so much of the declaration as referred to the lien, and to amend so as to proceed against the trust estate generally, at law; and this court held he was entitled so to do. This shows, at least, that such addition to a declaration, so as to proceed as at common law, was not adding a new cause of action. Upon the whole, the ruling we make is obnoxious to no well-founded objection as we can see, either in reason or in principle, and it certainly has the merit of making but one suit where two would otherwise be necessary, with additional cost to the parties and trouble to the courts.

There was another point made in the case which we will notice. It was objected that the judgment awarded by the court, there being no plea and no verdict, did not order or direct that a general execution should issue, but did award that there was a lien for the amount of the judgment on the premises set forth. The judgment was for the plaintiff for a certain amount, with interest from a certain date, and cost, and then added, "for which amount the plaintiff has a lien on the premises set forth," etc. This was sufficient. If no lien had been claimed, the judgment was sufficient without the addition of any words as to the lien. When such a lien is asserted and allowed, "the verdict (judgment) shall set it forth, and the judgment and execution be awarded accordingly:" Revised Code, section 1964. This judgment was, in effect, just what a verdict and judgment should have been, had it been a case where a verdict had been rendered. As to the objection made to the judgment entered by counsel, that it recited, after directing execution to be issued against the property set forth, the words, "and to be levied of the other *goods*

and *chattels* of the defendant," and that under such a judgment no execution could be issued and levied on other real property of the defendant, we make this reply: It is more than doubtful, whether, under the judgment awarded by the court, there was any need for another signed by counsel. Why could not the execution issue on the first as well as the last judgment? It is proper to enter up judgment on a verdict, but is there any law or practice requiring a judgment to be entered on a judgment? In this case, the execution was a general as well as a special one; that is, it commanded the sheriff, "of the goods and chattels, lands and tenements of," etc., "you cause to be made the sum of," etc., and then directed a levy on the special property on which the lien was claimed. Moreover, the levy and sale were made five years before the defendant therein brought ejectment to recover back the property thus sold. Her tenant had notice of the levy. She permitted the property to be sold, and the money paid for it to be applied to her debt. Is she not too late to complain of the irregularities in the proceedings which she now seeks to set up—I mean in the judgment entered up by the attorney in the suit against her, on which the judgment was obtained, and those that are complained of in the execution?

Judgment affirmed.