KELLY v. WILLIAM J. MERRITT CO. et al.

(Supreme Court, Appellate Term.   January 28, 1901.)

MECHANICS' LIENS—COMPLETION OF WORK.
Where the evidence shows that a contractor had completed his work, and that work done thereafter was merely a pretext for evading the mechanic's lien law, a judgment for the contractor on a mechanic's lien will be reversed.

Appeal from city court of New York, general term.

Action by Hugh G. Kelly against the William J. Merritt Company and another to enforce a mechanic's lien. From an order of the general term of the city court (62 N. Y. Supp. 1139) affirming a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

John J. Brady, for respondent.
Alexander S. Andrews, for W. J. Merritt Co.
Stedman & Larkin, for Continental Co.

PER CURIAM.   The evidence showed that the lien was not filed within 90 days after the completion of the second contract.   The plaintiff testified that he did the last of the work about the middle of February, and later in the trial fixed the time as in the middle of January, and described the work as occupying parts of two days, two, three, and four hours each day.   If the plaintiff did work in January or February, it seems that it was not done in completion of the contract, but rather as a pretext for evading the law.   The evidence of the witnesses Merritt, Doyle, and Lorber, corroborated by Exhibits 8 and 13, is convincing that the plaintiff had completed his contract prior to the doing of any work in or after January.   The latter exhibit, with the evidence in regard to it, shows that the plaintiff, on January 3d, claimed to have completed his contract.

The judgment and order must be reversed, and there must be a new trial, with costs to the appellant to abide the event.