(85 App. Div. 605.)

## STEUERWALD v. GILL.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. MECHANICS' LIENS—FILING—VALIDITY.
   In an action to foreclose a mechanic's lien filed November 16th, it appeared that the last item of work was in oiling the top floor of the building on September 8th. The last work done prior to that time was on August 4th, more than 90 days prior to filing the lien. There was evidence justifying a finding that plaintiff's contract work was complete August 4th, and that the oiling of the floor was not part thereof, but was work done at the suggestion of defendant's wife. Held, that the lien was invalid.

2. SAME—PERSONAL JUDGMENT—RIGHT TO.
   Code Civ. Proc. § 3412, provides that, if the lienor shall fail to establish a lien, he may recover judgment for such sums as are due him. In addition to demanding a foreclosure of the lien, plaintiff, in his complaint, demanded personal judgment against defendant for any deficiency. Held, that a finding that the lien was invalid did not warrant a dismissal of the complaint.

3. SAME—JURY TRIAL.
   Code Civ. Proc. § 3412, does not impair defendant's right to a jury trial.

4. SAME—WAIVER.
   Unless defendant in an action to enforce a mechanic's lien secures his right to a jury trial by either having the issues settled and tried by a jury in advance of the trial at Special Term, or by trying the issue as to the validity of the lien at Special Term first, with the understanding that, if the lien be declared invalid, an interlocutory judgment to that effect will be granted, and sending the issues on which the personal judgment depends to the trial term, he will be deemed to have waived the same.

   Van Brunt, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Charles A. Steuerwald against Harry D. Gill. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Arthur Furber, for appellant.

Joseph Steinert, for respondent.

LAUGHLIN, J. This is an action to foreclose a mechanic's lien for work, labor, and services performed on premises known as No. 337 East Fifty-Seventh street, owned by the defendant. The lien is based upon a contract in parol, by which the owner employed the plaintiff to make changes and alterations in the building then on the premises upon a 10 per cent. basis; that is, the plaintiff was to purchase the materials and procure the labor, and the defendant was to advance the necessary money therefor to pay the plaintiff for his services in supervising the work and paying the bills an amount equal to 10 per cent. of the aggregate cost of materials and labor. The court evidently dismissed the complaint upon the theory that the lien was not filed within the time prescribed by the statute. The lien was filed on the 16th day of November, 1900. The last item of work performed by the plaintiff was on the 8th day of September, 1900, and consisted in oiling the concrete on the top floor, the cost of which for labor and material was $8.86. The last work done prior to that time was on the 4th day of August, which was more than 90 days prior to filing the lien. The plaintiff gave evidence from which the trial court was justified in finding that his contract work was complete on the 4th day of August, and that the oiling of the floor was not part of the original contract work, but was work done at the suggestion of the defendant's wife. The court therefore was justified in finding that the lien was invalid, but this does not warrant the dismissal of the complaint.

In addition to demanding a foreclosure of the lien, the plaintiff, in his complaint, demanded personal judgment against the defendant for any deficiency. The Legislature, by section 3412 of the Code of Civil Procedure, has commanded that, even though the lien be invalid, the right to a personal judgment in such case shall be determined in the action; and we have held that this provision of law does not impair the defendant's right to a jury trial. Hawkins v. Mapes-Reeves Construction Co., 82 App. Div. 72, 81 N. Y. Supp. 794. The defendant will now, of course, be entitled to a jury trial, if he desires it. In Hawkins v. Mapes-Reeves Construction Co., supra, we suggested two methods by which this may be secured: (1) By having the issues settled and tried by a jury in advance of the trial at Special Term; or (2) by trying the issue as to the validity of the lien at Special Term first, with the understanding that, if the lien be declared invalid, an interlocutory judgment to that effect will be granted, and sending the issues upon which the personal judgment depends to the Trial Term. Unless the defendant in such case secures or preserves his right to a jury trial in one of these methods, he will be

deemed to have waived the same, and the court, on decreeing the invalidity of the lien, may enter the personal judgment.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur, except VAN BRUNT, P. J., who dissents.