GRIFF *v.* CLARK.[1]

MECHANICS' LIENS— STATEMENT OF CLAIMS — EXCESSIVE CLAIM — -EFFECT.

> On a bill to enforce a mechanics' lien, a statement of lien grossly in excess of the amount actually due is not such "a just and true statement of account of the demand due " as provided by the statute, and the bill was properly dismissed.

Appeal from Houghton; Streeter, J. Submitted January 19, 1909. (Docket No. 105.) Decided March 3, 1909.

Bill by John Griff against Ella Clark to enforce a mechanics' lien. From a decree dismissing the bill, complainant appeals. Affirmed.

*Burritt & Burritt,* for complainant.

*Larson & Galbraith,* for defendant.

BROOKE, J. The bill in this case is filed to foreclose a contractor's lien. The building was erected under a written contract entered into between the parties on the 12th day of September, 1905. The contract price was $1,700, subject to the privilege reserved by the defendant to make alterations in the building, she to pay for all extra labor required for such alterations. The building was substantially completed on the 7th day of December, 1905, the defendant refused to make the last payment according to the contract, and on the 1st day of February, 1906, complainant filed a claim of lien. One thousand dollars of the contract price was paid by the defendant, but payment of the $700 balance, together with $190 claimed by the complainant as extras, was refused by defendant. The findings of the circuit judge were in part as follows:

---

[1] Rehearing denied May 25, 1909.

"The undisputed testimony in the case shows that the building was not completed according to the terms of the written contract, that changes were made in the material used and other changes were made which decreased the cost of the building.

"The complainant insists by his testimony that the substitution of material and the changes made in the building were all with the consent of the defendant. The defendant denies this. If the changes were made with the consent of the defendant, and if the substitution of material was done with her knowlege and consent, the complainant ought to allow the difference between the cost of the material furnished and that contracted for to the defendant. He has not done so nor has he offered to do so. He insists that he is entitled to the full contract price, and that the lien upon the premises should be enforced to compel the payment of the full contract price.

"The amount charged for extras upon the building, $190, is made up of several items. Some of the items were not extras at all as appears from the testimony, and as to some other of the items the testimony fails to show the value to be that claimed by the complainant. Where there is a difference of value, the difference may arise because the amount is estimated by two different people. I think there can be no question that some of the items charged as extras were known to the complainant at the time he filed his lien as not entitled to be included as extras.

"The written contract for the erection of the building mentions the kind of material to be used. The complainant was a contractor of experience, and also a lumberman. He did not show by a fair preponderance of the evidence that the changes in the material were made with the consent of the defendant. The weight of the testimony is decidedly with the defendant, that she did not know of the substitution of materials and did not consent to it. Hemlock was substituted for pine and bass wood for finishing pine. Some of the lumber used was not of the grade specified in the contract. In every instance where there was a substitution of material a cheaper one was used.

"The complainant insists that because the defendant has failed to show just the difference in the market price of the material used and just how many feet were substituted she must pay the full amount of the contract and

her property must be subject to a lien for the full amount. The testimony in the case shows that the building as built by the contractor is worth from $375 to $500 less than it would be had it been completed according to the terms of the contract. The contractor knew the price of the material, but has made no deduction whatever on account of the decreased cost, and, while it may well be that the difference in the price of the substituted material and that of the contract material might not amount to $375, it is evident that the complainant has endeavored to enforce a lien for an amount much greater than he honestly believed to be due him."

Complainant, both in his statement of lien filed in the office of the register of deeds and his bill of complaint, claims the sum of $890 as the amount due from the defendant over and above all the legal set-offs. Counsel for complainant makes the following claim in his brief:

"The largest amount which the defendant should recover under the pleadings and proofs would be the difference in the value of the material used and that contracted for, which would be from $75 to $100, and the difference in the cost of labor which would be from $75 to $100. This would entitle complainant to a decree for $530 and costs."

It will be noted that the difference between this amount and the amount claimed in the lien is $360, a sum between 60 and 70 per cent. in excess of the claim made by complainant's counsel in his brief upon consideration of the record testimony. It is apparent to us that the complainant's statement of lien is not such "a just and true statement of account of the demand due him over and above all legal set-offs" as is contemplated by the statute, and we therefore hold that the circuit judge was correct in his ruling. See *Gibbs* v. *Hanchette*, 90 Mich. 657; *Lamont* v. *La Fevre*, 96 Mich. 175; *Brennan* v. *Miller*, 97 Mich. 182; *Scheibner* v. *Cohnen*, 108 Mich. 167; *J. E. Greilick Co.* v. *Taylor*, 143 Mich. 704.

Decree is affirmed.

GRANT, MONTGOMERY, MOORE, and McALVAY, JJ., concurred.