[No. 8036.   Department One.   October 4, 1909.]

PACIFIC IRON & STEEL WORKS, *Respondent*, v. A. C. GOERIG, *Appellant.*[1]

MECHANICS' LIENS—FORECLOSURE—JURISDICTION—FAILURE TO PROVE LIEN.  In an action in equity to foreclose a mechanics' lien, the court does not lose jurisdiction by plaintiff's abandonment of the lien at the trial, as defendant may have a jury trial on the issue of debt.

SAME—PERSONAL JUDGMENT.  A personal judgment may be rendered in an action to foreclose a mechanics' lien upon proper evidence, whether the lien is established or not.

WORK AND LABOR—PERSONS LIABLE.  Ownership of an article by defendant is not essential to a recovery for repairs thereon made at the instance and request of the defendant.

EVIDENCE — JUDICIAL NOTICE — RECORDS.  The court cannot take judicial notice of its records in other actions.

COURTS—APPELLATE COURTS—JUDICIAL NOTICE.  An appellate court cannot take judicial notice of what the trial court cannot judicially notice.

MECHANICS' LIENS—PARTIES PLAINTIFF—CAPACITY TO SUE—OBJECTIONS—WAIVER.  It cannot be objected that a corporation has no capacity to sue in an action to foreclose a mechanics' lien for work and labor in repairing a machine, under Laws 1905, p. 137, where the claim for a lien was abandoned and not an issue at the trial.

Appeal from a judgment of the superior court for King county, Morris, J., entered November 24, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien.  Affirmed.

*James T. Lawler*, for appellant.

*S. D. Wingate* and *John Wesley Dolby*, for respondent.

FULLERTON, J.—The respondent repaired a certain steam shovel at the request of the appellant, furnishing the necessary labor and material therefor.  The work and labor was not paid for on its completion, and to secure payment, the

[1]Reported in 104 Pac. 151.

respondent filed a lien upon the shovel under the act of
March 6, 1905 (Laws 1905, p. 137), the lien substantially
conforming in form and substance to the requirements of the
statute.   Later on it began suit to foreclose the lien, aver-
ring in its complaint that it furnished the labor and material
at the instance and request of the appellant, he being the
owner of the steam shovel.   Issue was taken on the allega-
tions of the complaint, and the case set down for trial before
that department of the court then sitting for the trial of
causes of equitable cognizance.

At the trial the respondent introduced evidence tending to
show that it repaired the shovel at the instance and request
of the appellant, that the reasonable value of the labor and
materials required for that purpose was the amount alleged
in the complaint, and that no part thereof had been paid,
but failed to show any fact tending to establish a lien upon
the shovel for the materials furnished or work performed.
When the respondent rested, the appellant moved to dismiss
the case for want of jurisdiction, contending that since the
respondent had failed to offer any evidence tending to estab-
lish the lien, his action became one at law, of which the
equity department was without jurisdiction to hear or deter-.
mine.   The motion was overruled, whereupon the appellant
offered evidence in his own behalf, the trial finally resulting
in findings and a judgment in the respondent's favor.

It is first assigned that the court erred in exercising juris-
diction over the cause.   It is argued that since the case was
begun as a suit in equity to foreclose a lien, the court was
without jurisdiction to determine it as an action at law to
recover a money judgment.   But this position is not tenable.
The court unquestionably had jurisdiction of the action and
the right to proceed with its trial upon the merits.   If the
appellant had asked for a jury trial on the legal questions
involved after the appellant had abandoned the lien, the trial
court might properly have granted the motion even to the
extent of postponing the trial to a later time, especially as

the respondent introduced no evidence to establish its lien, but no error was committed in refusing to dismiss for want of jurisdiction.

It is next objected that the court was without authority to enter a personal judgment against the appellant, but manifestly there was nothing inherent in the proceedings that prohibited this form of judgment. A personal judgment is proper in an action brought to foreclose a lien, whenever the pleadings and evidence justify it. Such a judgment is not prohibited merely because the plaintiff seeks additional relief in the way of foreclosure of a lien, and this is true whether the lien is established or not.

Again, it is complained that the court erred in finding that the labor and materials were furnished at the request of the appellant, and that the appellant was the owner of the shovel. On these questions we think the weight of the evidence preponderates in favor of the finding of the court, at least, there is not such a doubt as to authorize us to find the other way. In the brief, however, our attention is called to a case, which was affirmed in this court, where a jury found that one Peterson, and not the appellant, owned this shovel at the time the respondent repaired it. But, aside from the fact that ownership of the shovel is immaterial, since it is shown that the repairs were made at the appellant's instance and request, the record of that case is not before us. To make it available as *res judicata*, the appellant should have pleaded it in his answer and introduced it as evidence at the trial. The superior court cannot, while trying one cause, notice judicially the records in other causes pending or tried before it, even when between the same parties, and what the trial court cannot judicially notice, the appellate court cannot notice when sitting in review of its judgment. *Lownsdale v. Grays Harbor Boom Co.*, 54 Wash. 542, 103 Pac. 833.

The only other assignment necessary to be noticed is that the respondent had no legal capacity to sue. This conten-

tion is founded on the wording of the statute authorizing the filing of liens; it being thought that the classification of the persons authorized to take advantage of the statute was not broad enough to include the respondent. But this contention is likewise untenable. The respondent is a corporation organized for the purpose, and engaged in the business, of operating a machine shop for the construction and repair of machinery. Clearly it has capacity to sue for work performed in its capacity as a machinist. Whether or not it can lawfully claim a lien under the statute is not a material question here. In this proceeding it was not allowed a lien thereunder.

Notwithstanding the appellant has devoted a large space in his brief to a discussion of the evidence, we feel that it would serve no useful purpose to enter upon its review at further length. Its perusal has convinced us that the proofs decidedly preponderate in favor of the respondent, and there being no errors of law in the record, the judgment will stand affirmed.

RUDKIN, C. J., GOSE, and CHADWICK, JJ., concur.

MORRIS, J., took no part.