MIDTOWN CONTRACTING CO. v. GOLDSTICKER et al.    (No. 7622.)

(Supreme Court, Appellate Division, First Department.    July 9, 1915.)

JURY ⟨⟩⟩28—JURY TRIAL—RIGHT TO—WAIVER.

Code Civ. Proc. § 1009, declares that a party may waive his right to trial by a jury, by moving for trial without a jury. Plaintiff originally noticed the issues for trial at Special Term, but a judgment secured at such trial was reversed on appeal. *Held* that, though after reversal no new notice of trial was necessary under court rule 2, First Department, and the cause could not be returned to the calendar, save by consent or on notice, plaintiff had not waived his right to have the issues framed for trial by jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. ⟨⟩⟩28.]

Appeal from Special Term, New York County.

Action by the Midtown Contracting Company against Louis Goldsticker and Martin Goldsticker, composing the firm of L. & M. Goldsticker. From an order denying a motion for jury trial and to frame issues, plaintiff appeals. Order reversed, and motion granted.

See, also, 151 N. Y. Supp. 1130.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

C. Bertram Plante, of New York City, for appellant.

William Goldsticker, of New York City, for respondents.

PER CURIAM. The judgment secured by plaintiff after a trial of the issues of fact was reversed by this court and a new trial ordered. Thereupon plaintiff moved to frame issues and for a jury trial thereof. This motion was denied, on the ground that plaintiff, having originally noticed the issues for trial at Special Term, had waived the right to a jury trial of framed issues. See Hawkins v. Mapes-Reeves Const. Co., 82 App. Div. 72, 81 N. Y. Supp. 794; Steuerwald v. Gill, 85 App. Div. 605, 83 N. Y. Supp. 396. Although after reversal no new notice of trial was necessary (rule 2, First Department), the cause could not be restored to the trial calendar, save by consent or on notice (Id.). Under these circumstances, we think the parties were relieved of any

election (Code Civ. Proc. 1009), growing out of their original notices, to have all the issues tried at Special Term, and that either was entitled to move for a jury trial of framed issues, provided the motion was made, as it was here, before the action was restored to the calendar. The Special Term did not pass upon the issues proposed by plaintiff, and defendants proposed none.

The order denying the motion should be reversed, with $10 costs and disbursements, and the motion granted; the issues to be tried to be framed on settlement of order. Settle order on notice.