(August 4, 1923.)

## J. W. BLAKE, Respondent, v. CRYSTALLINE LIME COMPANY, Appellant.

[221 Pac. 1100.]

LABOR LIEN—EXCESSIVE CLAIM—EFFECT OF—BAD FAITH.

1. The theory upon which a lien is given as a prior claim upon property is that the party claiming the lien has, either by his labor or by the materials furnished, contributed to the construction or improvement of the property upon which the lien is claimed.

2. Where a claim of lien is greatly in excess of the amount of actual labor performed, and it is not shown that such claim was made in good faith, the lien for the entire amount must fail.

APPEAL from the District Court of the Second Judicial District, for Clearwater County. Hon. Edgar C. Steele, Judge.

Action to foreclose labor liens. Judgment for plaintiff. *Modified.*

Tannahill & Leeper, for Appellant.

To be lienable, the work must have been actually performed in or on the mine. (C. S., sec. 7339.)

The plaintiff can only recover for work actually performed by lien claimants. (Labatt, Master and Servant, pars. 443, 444a, 444b and 695; *Lattemore v. Baldwin,* 70 Cal. 40, 11 Pac. 395; *Granz v. Lichtenheim,* 84 Hun, 131, 32 N. Y. Supp. 469; *Paul v. Minneapolis Threshing Machine Co.,* 87 Mo. App. 647; *Eden v. Sibverberg,* 89 App. Div. 259, 85 N. Y. Supp. 781; *Sugg v. Blow,* 17 Mo. 359; *Seaburn v. Zachman,* 99 App. Div. 218, 90 N. Y. Supp. 1005; *Pungs v. American Brake Beam Co.,* 128 Mich. 318, 87 N. W. 364; *Lewis v. Albemarle & Raleigh R. Co.,* 95 N. C. 179.)

He who seeks equity must do equity. (*Fales v. Weeter Lumber Co.,* 26 Ida. 367, 143 Pac. 526; Pomeroy's Eq. Jur., 4th ed., par. 385; 21 C. J., par. 152.)

Clay McNamee and Jas. L. Harn, for Respondent.

In case of conflict in the evidence the court will not disturb the findings or decree of the trial court, who had opportunity to see, observe and hear the witnesses upon the stand, and was conversant and acquainted with the circumstances surrounding their evidence. (*Later v. Haywood,* 15 Ida. 716, 99 Pac. 828; *Western Moline Plow Co. v. Caldwell,* 18 Ida. 463, 110 Pac. 533; *Weeter Lumber Co. v. Fales,* 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289; *Salsbury v. Spofford,* 22 Ida. 393, 126 Pac. 400; *Brinton v. Steele,* 23 Ida. 615, 131 Pac. 662; *Shaw v. City of Nampa,* 31 Ida. 347, 171 Pac. 1132.)

The lien for labor performed on a mining claim extends to the whole claim or to the property of the employer used in the construction or operation of the mine including both the realty and personal property. (*Williams v. Mountaineer Gold Min. Co.*, 102 Cal. 134, 34 Pac. 702, 36 Pac. 388; *Sheffield & B. Coal etc. Co. v. Gordon*, 151 U. S. 285, 14 Sup. Ct. 343, 38 L. ed. 164; *Mitchell v. Burwell*, 110 Iowa, 10, 81 N. W. 193.)

DUNN, J.—This is an action to foreclose two labor liens, filed by Frank O'Conners and Roy Wilkinson, on November 17, 1920, against the property of defendant corporation. The plaintiff in this case is the assignee of O'Conners and Wilkinson.

It is alleged in the complaint as a first cause of action that O'Conners was employed by the defendant corporation, through its president, Ben L. Schultz, on April 1, 1920, as foreman of the company's lime or marble quarry near Oro Fino at an agreed salary of $225 per month, and that in pursuance of such agreement O'Conners performed services for a period of seven and one-half months, from April 1, 1920, to November 15, 1920, as foreman at $225 per month, or a total of $1,687.50, as set forth in the lien. As a second cause of action it is alleged that O'Conners, as agent of the defendant, employed Wilkinson as a miner and teamster, and that between April 7, 1920, and November 15, 1920, Wilkinson worked 146¼ days as a miner at $5 per day and 22 days as teamster at $8 per day, or a total of $907.25, the amount claimed in the lien.

The answer of defendant admits liability to O'Conners in the sum of $675, the same being for services from April 1, 1920, to July 1, 1920, at a salary of $225 per month, and admits liability to Wilkinson in the sum of $450, the same being for services from April 7, 1920, to July 1, 1920, a period of 74 days at $5, and for a period of ten days in July, 1920, at $8.

The court in its decree awarded $1,387.50, and $175 attorney's fees, on the claim of O'Conners, and $607.25, and

$75 attorney's fees, on the claim of Wilkinson. From this decree, defendant appeals.

Appellant assigns as error the action of the court in entering this judgment, and imposing a lien to secure the amount allowed therein.

The evidence is very conflicting, both as to the representations alleged to have been made by Schultz to O'Conners and Wilkinson in regard to payment for services rendered, and as to the representations alleged to have been made to Schultz by O'Conners and Wilkinson in regard to the amount of work being done.

It was shown that during the entire time of O'Conners' employment no officer of the company visited the property, or made any investigation as to the work being done. Very little work of any kind was done on the property by O'Conners. In April he worked two shifts putting in timbers in the tunnel, and a few days blasting. On cross-examination he testified as follows:

"Q. After the 1st of May, 1920, what did you do at the lime kiln?

"A. We finished—done a few more days work on the tunnel, and after that there wasn't much of anything to do only look after the tunnel, and see it didn't cave in, and look after the tools, and take care of anybody Mr. Schultz might send up so as to be here so he could get me by phone."

Outside of a little plowing, this was the extent of the actual work. Misrepresentation on the part of O'Conners to the officers of the company as to the work he was accomplishing is alleged. This is denied by O'Conners, who states that the reason more work was not done was because the company did not furnish him with powder, and that he at one time was told by Mr. Schultz to discontinue work, but that his salary would go on just the same.

In letters written by Schultz to O'Conners at various times during the period of employment, Schultz acknowledged receipt of time sheets covering salary for O'Conners from April 1st to Nov. 1st, and also for time put in by Wilkinson

during that period. No exception was taken by Schultz for the reason, it is alleged, that O'Conners had represented to him that he was doing a great deal of work and making a "wonderful showing" at the mine.

As to the actual work done by Wilkinson, the record shows that he worked a few days between the 1st and 6th of April, driving a tunnel, and two or three days, all told, keeping the tunnel clear; also something less than a week on the new opening, and twenty-two days plowing twenty-three or twenty-four acres of ground. Outside of the plowing, it was shown that he did less than three weeks actual work under the most liberal computation of his time.

The admissions of both O'Conners and Wilkinson show that part of the time for which they claim compensation from the appellant they were working for different parties and receiving pay therefor. They claim that this was with the understanding with Schultz that notwithstanding they were working elsewhere they were to receive full pay from appellant. The very foundation of a lien claim under our statute is the performance of labor upon or the furnishing of materials for the construction or improvement of the property upon which the lien is claimed. The theory upon which a lien is given as a prior claim upon the property is that the party claiming the lien has, either by his labor or by the materials furnished, contributed to the construction or improvement of the property upon which the lien is claimed.

In this case both O'Conners and Wilkinson have claimed liens for sums greatly in excess of the amount of the actual labor performed by them, and it would seem that such claims could not have been made in good faith. Under this condition the authorities very generally hold that the claim of lien for the entire amount must fail. (18 R. C. L., p. 941, sec. 76; *Griff v. Clark*, 155 Mich. 611, 119 N. W. 1076, 29 L. R. A., N. S., 305 and note; *Tibbits v. Phipps*, 163 N. Y. 580, 57 N. E. 1126; Rockel on Mechanics' Liens, sec. 121.) But we are met here with the admission of appellant that O'Conners performed labor upon its mining claim to the

amount of $675 and Wilkinson to the amount of $450, making a total of $1,125. Except for this admission, by which appellant is bound, we think the foregoing rule should be applied to this case.

Viewing the entire record, it would seem fair to conclude that appellant, through its president, was keeping these employees on the ground, not simply for the labor they were expected to perform on the mining claim, but for the purpose of making something of a showing to prospective purchasers who might visit the property. If appellant desired to keep them in its employ, regardless of whether they were performing labor all of the time or not, it would have a right to do so, of course, and could not in such case escape liability under its contract. But unless these persons were employed in the performance of labor, as contemplated by the statute, even though they might demand pay from appellant, we do not see how they could be entitled to a prior lien upon the property for the full time claimed.

In view of the fact that the trial court had the witnesses before it and is better able than we are to determine the credit to be given to their testimony, we are inclined to accept its findings as to the total amount due, even though the record presented here would apparently justify a greater reduction than the trial court made in the claims of these parties, but to limit the amount that shall be a prior lien on the property as indicated below.

We hold that the judgment should be affirmed for the amounts allowed by the trial court, but that respondent's claim shall be a prior lien on appellant's mining claim only to the amount of $1,125, plus attorney's fees and costs allowed by the trial court. It is so ordered. Costs of this appeal awarded to appellant.

McCarthy and Wm. E. Lee, JJ., concur.

(January 5, 1924.)

#### ON PETITION FOR REHEARING.

MECHANIC'S LIEN—FORECLOSURE—PERSONAL JUDGMENT.

    In suit against an employer to foreclose a mechanic's lien for services rendered under a contract made directly with the employer, if personal service of summons be made within the state ·or the employer appear and defend the suit a personal judgment may be entered against such employer in addition to the foreclosure of the lien, or in the event that the right to a lien is not sustained, if the pleadings and evidence justify it.

    DUNN, J.—Appellant petitions for a rehearing on the ground that this court erred in sustaining the lien claims to the amount of $1,125, the amount admitted by the answer to be due, with attorney's fees added, and holding the balance of the amount allowed by the district court to be a personal judgment, since the judgment appealed from is *in rem* and not *in personam*, and on the further ground that appellant was entitled to a jury trial as to any items for which respondents were not entitled to a lien.

    Notwithstanding the admission of respondent that the judgment is exclusively *in rem*, we are of the opinion that it is a personal judgment. The employment by the company through its president is admitted, the company appeared and defended the action and the pleadings and evidence justify a personal judgment, so there is no reason why such a judgment should not have been entered. (*Pacific Iron & Steel Works v. Goerig*, 55 Wash. 149, 104 Pac. 151; *Farnham v. California Safe Deposit & Trust Co.*, 8 Cal. App. 266, 96 Pac. 788; *Becker v. Superior Court*, 151 Cal. 313, 90 Pac. 689; *Parish v. Murphy*, 51 Ga. 614; *West v. Grainger*, 46 Fla. 257, 35 So. 91.)

    There is no merit in the contention as to the right of a jury trial. The court had the entire controversy as to the claim of lien before it with jurisdiction to determine the facts without the aid of a jury. It determined the fact as to services rendered by lien claimants in favor of respond-

ents, entered a judgment therefor against appellant, and decreed a lien for the entire amount of the judgment on the mining claims of appellant, which lien it ordered to be foreclosed. (*Pacific Iron & Steel Works v. Goerig, supra.*) This court held that respondents were entitled to a lien for a smaller amount, but did not disturb the judgment for the excess above the lien claim. While the judgment did not expressly provide for the entry of a deficiency judgment, subdivision 3 of C. S., sec. 7351, provides for execution for any balance that may be due, which provision, in effect, gives a deficiency judgment.

On re-examining the matter, however, we are of the opinion that we erred in sustaining the lien for the amount admitted to be due. If respondents' assignors were entitled to a lien for only that amount then the record shows that their notices of lien were not filed in time, since the services must have terminated in July and the notices of lien were not filed till November 15th. This conclusion would deprive appellant of the allowance for attorney's fees and for preparing and filing notices of lien.

The original opinion is therefore modified by affirming the judgment for $1,400 on the first claim of lien and $607.25 on the second claim, but denying any part of either claim as a prior lien on appellant's property. Petition for rehearing denied.

McCarthy and William A. Lee, JJ., concur.