(No. 6023.   March 2, 1934.)

CHARLES NELSON, Respondent, v. BOISE PETROLEUM
CORPORATION, a Corporation, Appellant.

[32 Pac. (2d) 782.]

180

Delana & Delana and Freehafer & McClure, for Appellant.

Robert E. Leitch and W. H. Langroise, for Respondent.

MORGAN, J.—This is a suit to foreclose a mechanic's lien to secure the payment of wages claimed to have been earned by respondent in drilling and casing a well for appellant. It was agreed respondent was to receive $10 per day for labor to be performed by him in preparing to sink the well and $12 per day for drilling.

The trial court found that, pursuant to the agreement, respondent did 23 days work at $10 per day, and 55 days work at $12 per day, making a total so earned of $890; that of this sum he has been paid $659.50, leaving a balance due and owing to him of $230.50, and awarded judgment in his favor for that amount, with interest; also for $100 attorneys' fees and $17 costs, and decreed that he have a lien to secure the payment thereof on a lease, held by appellant, to 280 acres of land, together with the appurtenances thereunto

belonging including the well and its equipment. The court also found that, pursuant to the contract of employment, respondent held himself in readiness to perform such services as might be required of him, in drilling the well, for a period of 127 days, when he did not work, and that he was entitled to receive $12 per day therefor, or a total of $1524, and awarded him a judgment against appellant for that amount, with interest; but denied his claim of lien to secure the payment of it. Defendant has appealed from the decree.

At the commencement of the trial one of the attorneys for appellant stated he had recently been informed Mr. Keine, who was vice-president and manager of appellant corporation and who had acted for appellant in hiring respondent, would be unable to be present at the trial although he had theretofore promised to appear. He further said: "Confronted with that situation we may be compelled to ask time to take his deposition. With the understanding it may be held open to take that deposition, if necessary, we are willing to go ahead."

The court did not rule on this request, but proceeded with the trial. At the close of taking testimony appellant's attorney stated: "I think now, with the permission of the Court to take the deposition of Mr. Keine on interrogatories or straight deposition, we are ready to close our case." The judge asked if he was requesting a continuance in order to take the deposition and he replied he was. Respondent objected to the continuance, and the objection was sustained. This ruling is assigned as error.

Appellant did not bring its application within the scope of I. C. A., sec. 7–109, which provides: "A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, . . . . " The denial of the application was not erroneous.

Appellant questions the sufficiency of the evidence to sustain a recovery in favor of respondent. The testimony shows the employment of respondent by appellant and the wages to be paid. It also shows the time respondent worked

pursuant to the contract of employment and the time he remained idle, under appellant's instruction, awaiting resumption of work, and brings this case within the rule announced in *Blake v. Crystalline Lime Co.*, 37 Ida. 637, 221 Pac. 1100, to the effect that if an employer desires to keep a laborer in his employ, regardless of whether he is performing labor all the time or not, he may do so, but cannot escape liability to pay wages during the time work is not being done. Also, because the employee is not employed in the performance of labor as contemplated by the statute providing for mechanics' liens, he is not entitled to a lien to secure his wages for the time he is idle, although he may recover judgment against the employer for the full amount due him under the contract.

█ Appellant assigns as error the entry of the decree that respondent is entitled to a lien, on the ground that the lien was not filed within the time prescribed by I. C. A., sec. 44–507, which provides: "Every . . . . person must, within sixty days, after the completion of any . . . . improvement or structure . . . . or in case he cease to labor thereon before the completion thereof, then after he so ceases to labor or after he has ceased to labor thereon for any cause, . . . . file for record with the county recorder of the county . . . . a claim containing a statement of his demand," etc.

The evidence shows respondent quit work at the well November 11, 1931, because of lack of casing or because his employer was out of money, or both; that December 23, he assisted in unloading a carload of casing to be hauled to the well, but it does not appear to have been delivered there; that January 7, 1932, he went to the well and assisted in taking some tools from there to Fruitland. Respondent testified with respect to his work thereafter: "On the 20th day of March, Mr. Reins (who was president of appellant corporation) came to the hotel where I was staying and got me and took me to the well and wanted me to sack the tools and check them as he thought some of the tools had been stolen." He also testified that he went to the well and checked the tools. In reply to a question as to how long he was at the

well on March 20, respondent testified: "I could not say exactly how long, but the biggest part of the forenoon."

From the foregoing it will be seen the work of drilling the well ceased November 11, 1931, and that the only labor done or services performed by respondent for appellant after that was in assisting in unloading a carload of casing December 23, 1931; making a trip to the well to bring away some tools January 7, 1932, and checking over some tools March 20, 1932.

Claim of lien was filed March 30, 1932, and more than 60 days expired after the performance of any work at the well, except checking over some tools to see if any had been stolen.

The checking of tools was not performing labor on the well as contemplated by I. C. A., sec. 44-501, which provides for liens to secure the wages of mechanics.

It is said in *Blake v. Crystalline Lime Co.*, 37 Ida. 637, 641, 221 Pac. 1100, 1101: "The very foundation of a lien claim under our statute is the performance of labor upon or the furnishing of materials for the construction or improvement of the property upon which the lien is claimed. The theory upon which a lien is given as a prior claim upon the property is that the party claiming the lien has, either by his labor or by the materials furnished, contributed to the construction or improvement of the property upon which the lien is claimed." (See, also, *W. H. Johns-Manville Co. v. Allen*, 37 Ida. 153, 215 Pac. 840.)

The time during which respondent held himself in readiness to work for appellant in drilling the well cannot be taken into account in determining when the sixty days within which his lien must be filed commenced to run. (*Blake v. Crystalline Lime Co.*, on rehearing, 37 Ida. 643, 221 Pac. 1101.)

In *Gem State Lumber Co. v. Witty*, 37 Ida. 489, 499, 217 Pac. 1027, it is said: "Ordinarily, furnishing an article or performing a service trivial in character is not sufficient to extend the time for claiming a lien or to revive an expired lien, where the article is furnished or the service rendered

after a substantial completion of the contract, and the article is not expressly required by the terms thereof. (*Kelly v. Wm. J. Merritt Co.*, 68 N. Y. Supp. 774; *Wood v. Haney*, (Tenn. Ch. App.) 41 S. W. 1072; *Dayton v. Minneapolis Radiator & Iron Co.*, 63 Minn. 48, 65 N. W. 133; *Steuerwald v. Gill*, 85 App. Div. 605, 83 N. Y. Supp. 396; *Joost v. Sullivan*, 111 Cal. 286, 43 Pac. 896.) "

The decree is reversed with instructions to the trial court to enter judgment in favor of respondent and against appellant for the sums found to be due to him from it, together with interest thereon and costs, but without attorneys' fee or expense of preparing or filing the lien, and that no part of respondent's claim be decreed to be secured by a mechanic's lien. Costs on appeal are awarded to appellant.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.

### ON PETITION FOR REHEARING.

### (May 3, 1934.)

MORGAN, J.—Respondent petitioned for a rehearing and that the last paragraph of our opinion be amended so as to provide for a modification of the judgment and decree of the district court rather than for a reversal thereof. A rehearing was granted and the parties were invited to file briefs on the question as to the instruction to be contained in the order remanding the case. Respondent has filed a brief, but appellant has not, nor has it, in any manner, objected to the mandate to the district court being changed as petitioned for and, it appearing the requested amendment should be made,

It is hereby ordered, that the opinion heretofore filed herein be, and it is hereby, amended by striking therefrom the last paragraph thereof and by substituting in lieu of said paragraph the following:

The case is remanded to the district court with instructions to modify the judgment and decree by entering judg-

ment in favor of respondent and against appellant for the sums found to be due from it to him, together with interest thereon and costs, but without attorney's fee or expense of preparing or filing the lien, and that no part of respondent's claim be decreed to be secured by a mechanic's lien. The judgment, so modified, is affirmed. Costs on appeal are awarded to appellant.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.