(July 5, 1923.)

GEM STATE LUMBER COMPANY, a Corporation, Plaintiff and Respondent, v. W. H. WITTY and ANNIE T. WITTY, His Wife, Defendants and Appellants, T. H. JOHNSON, Defendant, and E. H. VOGT, Doing Business Under the Firm Name and Style of VOGT SHEET METAL WORKS, Defendant, Cross-complainant and Respondent.

[217 Pac. 1027.]

MECHANIC'S LIEN—SUBSTANTIAL COMPLETION OF STRUCTURE—FURNISHING SERVICE OR MATERIAL OF TRIVIAL CHARACTER THEREAFTER ORDINARILY DOES' NOT EXTEND TIME TO FILE LIEN.

  1. One who claims a lien under C. S., sec. 7339, for material or labor furnished in the construction, alteration or repair of a building, after having substantially completed his contract, cannot thereafter unreasonably or purposely delay completing the same as to some trivial matter, and thereby extend the time for claiming such lien to the later date.

  2. After substantially completing a building, there must be no unreasonable delay in finishing it, and the doing of a small

---

Publisher's Note.

1. General rule as to effect of addition or substitution of items to extend time for filing mechanic's lien, see note in Ann. Cas. 1912C, 217; 35 L. R. A., N. S., 902.

amount of work thereon, after the time for filing a lien would otherwise have lapsed, is not sufficient to revive or extend the time to such later date.

3. Where a building was sufficiently complete in December to be habitable, and was leased to tenants, who occupied the same, and a caretaker, as janitor, was placed in charge, the fact that in May following such caretaker obtained from the lumber company a small amount of material for a door stop, which was used in part to replace one that had been damaged, would not operate to extend the time for filing a materialman's lien.

4. Where the contract for the repair of a building is in fact substantially completed, and the parties thereto so treat it, the subsequent rendering of some service or furnishing some material to remedy a defect or faulty construction, long after the time for filing a lien has expired, will not extend the time for filing a lien or revive the same.

5. Where a heating plant in an apartment building was so far completed in the month of December that tenants occupied the building throughout the remainder of the winter without complaint as to the same being incomplete or unsatisfactory in any particular, the instalation of a cold-air pipe and covering certain pipes with insulating material in July following would not revive the time for filing a lien which had commenced to run in the preceding December.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Ralph W. Adair, Judge.

Action by Gem State Lumber Company to foreclose a materialman's lien, and by E. H. Vogt to foreclose mechanic's lien. From judgment foreclosing both liens, defendants W. H. Witty and Annie T. Witty appeal. *Reversed* and *remanded,* with instructions.

Jones, Pomeroy & Jones and W. H. Witty, for Appellant.

In contracts similar to the contract in question here, the requirement for the vendee to make improvements does not constitute the vendee the agent of the owner or vendor within the meaning of mechanic's lien laws, similar to our own. (*Pinkerton v. LeBeau*, 3 S. D. 440, 54 N. W. 97; *Mahnke v. Marken Acres Co.*, 187 Iowa, 762, 174 N. W. 669; *Thomas*

*v. Soper Lumber Co.* (Okl.), 171 Pac. 736; *North Western Bridge Co. v. Tacoma Ship Bldg. Co.,* 36 Wash. 333, 78 Pac. 996; *Schrage v. Miller,* 44 Neb. 818, 62 N. W. 1091; *Maher v. Schull,* 11 Colo. 322, 52 Pac. 1115; *Wilkins v. Litchfield,* 69 Iowa, 465, 29 N. W. 447; *Williams v. Vanderbilt,* 145 Ill. 238, 56 Am. St. 486, 34 N. E. 476, 21 L. R. A. 489; *Johnson v. Badger Lumber Co.,* 8 Kan. 580, 55 Pac. 517; *Johnson v. Soliday,* 19 N. D. 463, 126 N. W. 99; *Luigart v. Lexington Turf Club,* 130 Ky. 473, 113 S. W. 814; *Langston v. Mathews,* 117 Ark. 626, 173 S. W. 397; *Scales v. Griffin,* 2 Doug. (Mich.) 54; *Belknap v. Condon,* 34 Utah, 213, 97 Pac. 111, 23 L. R. A., N. S., 601.)

"One who has entered into a contract to convey premises upon which a building is erected by the purchaser is not the owner of the building within the meaning of the mechanic's lien act." (*Loonie v. Hogan,* 9 N. Y. 435, 61 Am. Dec. 638.)

A lessee may be an owner within the mechanic's lien law. (*Block v. Pierson,* 19 Okl. 422, 91 Pac. 714; *Jerrell v. Block,* 19 Okl. 467, 92 Pac. 167; *Poole v. Fellows,* 25 R. I. 64, 54 Atl. 772; *Webster City Steel Radiator Co. v. Chamberlain,* 137 Iowa, 717, 115 N. W. 504.)

Furnishing an article or performing a service trivial in character is not sufficient to extend the time for filing lien where the article is furnished or the service performed after having substantially completed the contract, and the article is not expressly required by the terms thereof. (18 R. C. L. 933; *Badger Lumber Co. v. Parker,* 85 Kan. 134, 116 Pac. 242, 35 L. R. A., N. S., 901.)

"Where a contract is regarded as completed, subsequently performing some service or furnishing some material to remedy a defect will not operate to extend the time for a lien or to revive a lien then expired." (18 R. C. L. 934; *Harrison v. Women's Homeopathic Assn.,* 134 Pa. St. 558, 19 Atl. 804; *Floreth v. McReynolds,* 205 Mo. App. 143, 224 S. W. 995; *Mott v. Wright,* 43 Cal. App. 21, 184 Pac. 517; *Henry Koehler Co. v. Hines,* 185 Ky. 270, 214 S. W. 906; *R. J. Schwab & Sons Co. v. Frieze,* 107 Mo. App. 553, 81

S. W. 1174; *Jones v. Basley,* 27 Okl. 220, 111 Pac. 942; *Schulenberg v. Vrooman,* 70 Mo. App. 113; *Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; *National Lumber Co. v. Kennedy,* 28 Cal. App. 780, 154 Pac. 25; *Fudge v. Bilger,* 68 Or. 134, 136 Pac. 876; *Klann v. Hoffman,* 176 Cal. 763, 169 Pac. 678.)

In California it is the universal holding that the occupancy of a building constitutes constructive completion. (*Emigh-Winchell Hardware Co. v. Pylman,* 38 Cal. App. 508, 176 Pac. 722.)

"Where there is no apparent connection between different orders for material they will be considered as different transactions and a claim of lien must be filed within the statutory time for each order." (*Central Trust Co. v. Chicago K. & T. Oil Co.,* 54 Fed. 598; *Brown v. Waring,* 1 App. D. C. 378.)

Work done after completion of a contract for the purpose of reviving a lien for previous work will not have that effect. (*Kelly v. William J. Merritt Co.,* 68 N. Y. Supp. 774; *Wood v. Haney* (Tenn. Ch. App.), 41 S. W. 1072; *Dayton v. Minneapolis Radiator & Iron Co.,* 63 Minn. 48, 65 N. W. 133; *Steuerwald v. Gill,* 85 App. Div. 605, 83 N. Y. Supp. 396; *Summers v. Beard,* 24 Ont. Rep. 641; *Marble Lime Co. v. Landberg Hotel Co.,* 96 Cal. 332, 31 Pac. 164; *Cooley v. Holcomb,* 68 Conn. 35, 35 Atl. 765.)

Budge & Merrill, for Respondent.

The contract under which appellants attempt to protect themselves is no protection because it expressly requires the improvements to be made, and provides for profit to appellants from the improvements. (C. S., secs. 7339, 7344; *Shapleigh v. Hull,* 21 Colo. 419, 41 Pac. 1108; *White v. Kincaid,* 95 Kan. 466, Ann. Cas. 1916B, 667, 148 Pac. 607; *Moore v. Jackson,* 49 Cal. 109; *Higgins v. Carlotta Gold Mining Co.,* 148 Cal. 700, 113 Am. St. 344, 84 Pac. 758; *Dahlman v. Thomas,* 88 Wash. 653, 153 Pac. 1065; Jones on Liens, 3d ed., secs. 1252A, 1258; Bolom on Mechanics' Liens, sec. 463.)

The evidence is sufficient to support the decision. (*Mine Smelter etc. Co. v. Idaho Con. Mines Co.*, 20 Ida. 300, 118 Pac. 301; Jones on Liens, 3d ed., sec. 1329; *Rice v. Hodge*, 26 Kan. 164; *Fitch v. Howitt*, 32 Or. 396, 52 Pac. 192; *Frudden Lumber Co. v. Kinnan*, 117 Iowa, 93, 90 N. W. 515; *Lee v. Hoyt*, 101 Iowa, 101, 70 N. W. 95; 27 Cyc. 147; *Valley Lumber Co. v. Driessel*, 13 Ida. 662, 13 Ann. Cas. 63, 93 Pac. 765, 15 L. R. A., N. S., 299; *Farnham v. Richardson*, 91 Me. 559, 40 Atl. 553; *McIntyre v. Trantner*, 63 Cal. 429; *Colorado Iron Works v. Riekenberg*, 4 Ida. 262, 38 Pac. 651; *Steltz v. Armory Co.*, 15 Ida. 551, 99 Pac. 98, 20 L. R. A., N. S., 872.)

White & Bentley, for Respondent E. H. Vogt.

WILLIAM A. LEE, J.—This action was brought by the Gem State Lumber Company, a corporation, against W. H. Witty and Annie T. Witty, his wife, T. H. Johnson, and E. H. Vogt, the latter doing business under the firm name and style of Vogt Sheet Metal Works, to foreclose a materialman's lien. The complaint is in the usual form in such actions, as is the lien. The Wittys and Johnson separately demurred, and said demurrers being overruled, the Wittys answered, but Johnson failed to plead further, and default was entered against him. Vogt answered and crosscomplained, seeking to foreclose his mechanic's lien against the interests of the other parties to the action in the property described in the complaint. The cause was tried by the court without a jury. Findings of fact, conclusions of law and judgment were entered, foreclosing the lien of the lumber company and also that of the cross-complainant Vogt against the property, the record title of which was in Witty and his wife, and from this judgment they appeal.

It appears that on September 8, 1917, the Wittys owned certain property in the city of Pocatello, described as the westerly seventy feet of Lots 11, 12 and 13 and onehalf of lot 14, block 533. A building was located on this property. On that date, appellant entered into a contract

with defendant T. H. Johnson, a building contractor, whereby Witty agreed to convey to Johnson the property above described, and other property. In consideration for this conveyance, Johnson agreed to construct for Witty certain buildings on other lots in Pocatello, and also to remodel the building on the property above described so as to convert the same into a four-apartment house. The same was to be completed on or before October 1, 1917, and Witty was to have the use of one of the apartments or the rent thereof until the building to be constructed by Johnson on the other lots was ready for occupancy.

Immediately upon the execution of this agreement, Johnson began work upon the remodeling of this apartment house. Johnson, prior and subsequent to this time, was engaged in constructing a large number of other buildings in the city of Pocatello, and respondent lumber company furnished him with material for the remodeling of this apartment house, as well as other buildings in process of construction during the same period.

Respondent Vogt contracted with Johnson to install the hot air heating plant for this building. The structure was practically completed soon after the first of December following, and all four apartments were leased and occupied by families who lived in the building under the authority of the contractor Johnson. After this time he became financially involved, and was unable to construct the building for appellant Witty which he was to erect in payment for this apartment building.

In June, 1918, appellant Witty declared the contract forfeited and repossessed this apartment building. On July 3d thereafter respondent lumber company filed its lien against said premises for materials it claimed to have furnished for its reconstruction. On July 6th Vogt filed his lien for the labor and material furnished by him for the construction of the heating plant. This action to foreclose such material and labor liens followed.

Appellants the Wittys assign many errors, going to the overruling of their demurrer; to the introduction of evi-

dence, on the ground that the complaint did not state a
cause of action; to the findings of the trial court, specifically
pointing out wherein they contend that the evidence was in-
sufficient to support the findings, and that the facts as found
are insufficient to support the judgment; to various errors
alleged to have been committed by the rejection of com-
petent testimony and the admission of incompetent testimony,
and particularly specifying wherein they contend that the
pleadings and the evidence are insufficient to support the
decree.   The decree of foreclosure ordered this property
sold for the liens of respondent lumber company and cross-
complainant Vogt.   In our view of the facts as they appear
from the uncontroverted evidence, it will not be necessary
in order to reach a conclusion that all of these assignments
be specifically considered.

C. S., sec. 7346, upon which the right to a mechanic's or
materialman's lien must be predicated, so far as material
reads as follows:

"Every original contractor claiming the benefit of this
chapter must, within 90 days, and every other person must,
within 60 days, after the completion of any building, im-
provement or structure, or after the completion of the
alteration or repair thereof, or in case he cease to labor
thereon before the completion thereof, then after he so ceases
to labor, or after he has ceased to labor thereon for any
cause, or after he has ceased to furnish materials therefor
. . . . file for record with the county recorder for the county
in which such property or some part thereof is situated, a
claim containing a statement of his demand, after deduct-
ing all just credits and offsets, with the name of the owner,
or reputed owner, if known, and also the name of the person
by whom he was employed or to whom he furnished the
materials, and also a description of the property to be
charged with the lien, sufficient for identification, which
claim must be verified by the oath of the claimant, his agent
or attorney, to the effect that the affiant believes the same
to be just."

By reference to respondent's lien, it appears that it designates the appellant Witty as the owner, and the contractor Johnson as his agent for the purchase of the material for the repair of this building. The evidence supports this view, and it appears to be conceded that under the facts and circumstances of this case appellant lumber company was a subcontractor in furnishing material for this building, and therefore under the section above quoted was required to file its lien within 60 days from the completion of the building or the date of furnishing the last item of material. The same is true of the lien of the cross-complainant Vogt, so that both of these liens, in order to be in compliance with the statute as to time, must have been filed within 60 days from the completion of said work. (*Colorado Iron Works v. Riekenberg,* 4 Ida. 262, 38 Pac. 651.)

Respondent lumber company, in order to support its claim as to the material it furnished, relies principally upon the evidence contained in what is called "delivery slips" to show that upon the dates in such slips mentioned, material therein specified was delivered upon said premises. It is strenuously contended by appellants that the evidence of the lumber company is not sufficient to show that the material it has charged against these premises was in fact used in this building.

The last delivery of material of any consequence of which there is any satisfactory evidence that it was actually used in the building, was made by the lumber company on January 21 and 22, 1918, when material for the disappearing beds was furnished. On April 18th thereafter there was an item for lath, and on the 23d of April following, "screen door sets," of the value of $4.45, were claimed to have been delivered to this building. As to the lath, appellant Witty and others testify that they were not used in this building, and this testimony is not disputed. The evidence regarding the "screen door sets," amounting to $4.45, is far from satisfactory as to there being any competent testimony tending to show that they were actually used in the building. The next item claimed to have been furnished and relied

upon to keep alive the lien for material was "126 ft. o. g. stop," of the value of $1.25, claimed to have been furnished May 4, 1918.

As to the items of April 18th and 23d, the only evidence tending to show a delivery of this material to this building consists of these sales slips and the testimony of the witness Kay, manager of respondent company, who testified that the slips were in the handwriting of a former employee of the company. There is no other testimony tending to show that this material was used in the building, and appellant Witty testifies that the lath in question was not so used. The witness Newton, who had done carpenter work on the building, testified that he knew nothing of these two items. We think the slips themselves are insufficient to prove delivery, for as said in *Valley Lumber Co. v. Nickerson,* 13 Ida. 682, at 690, 93 Pac. 24, 26, under a very similar state of facts: "There can be no doubt but that charges made by the yardmaster and the company's officers at the lumberyard are not competent to prove a delivery of the material to a third party or at a point removed from the place of the actual delivery."

It is therefore apparent that there is a complete failure of proof of delivery or use in the building of any items of material between January 23 and May 4, 1918.

Taking up the last item of charge, May 4, 1918, referred to as "126 ft. o. g. stops, $1.25." The sales slip was signed by the witness J. L. Riley, who testified that he had been working for Johnson on various houses, but had not been engaged in the remodeling of this apartment house, but that he was janitor or caretaker of this apartment after December, 1917, when the building first began to be occupied by tenants. His recollection was quite indistinct as to how this item was procured, but he was pretty sure that he got it from the respondent company, and that it was used on one of the upstairs doors to supply a stop that had been previously put on but that had split; that he put on a new one with this material, and also thought he put one in the basement; that he obtained this door stop described in the last

37 Idaho.—32

item of plaintiff's exhibit "B"; that he had put on these door stops and had put on window screens at the request of the tenants, but had not done any work on this building while it was being remodeled. In response to a question as to how he came to fix these doors, he answered that they needed fixing, and when asked if he did it of his own accord, he said not exactly, that he was taking care of the apartment, and that it was his place to see after it.

As to the claim of respondent Vogt, filed July 6, 1918: The tenants who occupied the building testified that the heat was turned on in the apartments shortly after the first of December, 1917. From that time until July 3, 1918, nothing further was done by way of construction or furnishing material on the heating plant. From the testimony of the claimant Vogt it is clear that before the heat was turned on, in December, the plant was substantially complete, with the exception of one cold-air pipe, which in July thereafter he concluded was needed; that the plant furnished heat throughout the winter; and that the entire job, with the exception of what was done in July, 1918, was completed in about sixty days after he began its instalation in November. Under these circumstances, we do not think the additional work done and material furnished in July, 1918, after the plant had operated satisfactorily through an entire winter, was sufficient to revive claimant's lien, the time for filing which lien, except for this, would have expired some months before. It would certainly appear that this additional work was done not for the purpose of completing the plant as required by the contract, but for the purpose of reviving the lien and extending the time in which the same might be filed, after Vogt had ascertained that the contractor Johnson would not be able to keep his agreement to pay for the same.

It is quite generally held that where the time for filing a lien would otherwise have lapsed, and the lien claimant relies upon the delivery of additional material in order to revive or keep alive the time for filing his lien, it must not only be shown that the material was actually used in the

building, but that it was reasonably necessary to complete the same according to the terms of the original contract. (*Valley Lumber Co. v. Nickerson, supra.*)

It will be observed that the contract for the remodeling of this building was made in September, 1917, and by its terms the work was to be completed by October following. While the time fixed in the contract for the completion of a building is not controlling as against laborers or materialmen, it has a direct bearing upon the time when the building was to be completed under the contract, so that the time for filing liens for material and labor would begin to run. The statute provides that this time shall be computed from the date of the last item of material furnished, or from the last work performed. The rule very generally prevails that such time begins to run from a substantial completion of the contract, and that new items thereafter added to the account will not extend the time in which to claim a lien or revive a lien already expired. The more difficult question is to determine when under this doctrine the contract has been completed. By the weight of authority, this is to be ascertained by the conditions of the contract, the conduct of the parties with reference thereto, and the surrounding facts and circumstances. (*Valley Lumber Co. v. Nickerson, supra;* 18 R. C. L. 933, sec. 64; extensive note to *Badger Lumber Co. v. Parker* (Kan.), 35 L. R. A., N. S., 903.)

Ordinarily, furnishing an article or performing a service trivial in character is not sufficient to extend the time for claiming a lien or to revive an expired lien, where the article is furnished or the service rendered after a substantial completion of the contract, and the article is not expressly required by the terms thereof. (*Kelly v. Wm. J. Merritt Co.,* 68 N. Y. Supp. 774; *Wood v. Haney* (Tenn.), 41 S. W. 1072; *Dayton v. Minneapolis Radiator & Iron Co.,* 63 Minn. 48, 65 N. W. 133; *Steuerwald v. Gill,* 85 App. Div. 605, 83 N. Y. Supp. 396; *Joost v. Sullivan,* 111 Cal. 286, 43 Pac. 896.)

One who claims a lien under C. S., sec. 7339, for material or labor furnished in the construction, alteration or repair

of a building, after having substantially completed his contract, cannot thereafter unreasonably or purposely delay completing the same as to some comparatively unimportant matter, and thereby extend the time for claiming a lien to the later date. After a structure has been substantially completed, in accordance with the terms of the agreement between the parties, there must be no unreasonable delay in finishing it, and the doing of a small amount of work thereon after such a delay is not sufficient to extend the time in which to file a materialman's or laborer's lien. (Note 6c to *Badger Lumber Co. v. Parker,* 35 L. R. A., N. S., at 906, and authorities there cited.)

This principle is particularly applicable to the lien of the cross-complainant Vogt, for this heating plant was completed in December, 1917, to such an extent that tenants occupied the building throughout the remainder of the winter, without any complaint as to the same being incomplete or unsatisfactory in any manner. In his direct examination, Vogt volunteered the information, with reference to the small amount of work done on July 3d, just preceding the filing of his lien, that he knew he had plenty of time to complete this work. While this was stricken as being a self-serving declaration, his remaining testimony clearly shows that the purpose of this last item was to revive a lien, the time for the filing of which had expired nearly five months prior thereto.

The attempt of the respondent lumber company to revive its lien by charging an item of $1.25 must also fail. The last preceding item in this account which was substantiated by competent evidence was on January 23d. The building had been sufficiently completed in December to be habitable, and was then filled with tenants, and a janitor and caretaker placed in charge. The mere fact that in May following this caretaker obtained of respondent company material for a door-stop, in part at least to replace one that had been damaged, could not operate to extend this lien. If the time which is restricted by the statute can be thus indefinitely extended by acts of this kind, the 60-day limitation fixed by

the legislature in which to file this class of liens can and will be utterly and completely defeated, so that in every case where a right to file a lien has ever existed, the title to the property may for an indefinite period remain in an unsettled and not ascertainable condition, with reference to the character and extent of the mechanic's liens which may be claimed against such property.

Generally, where the contract for the construction, alteration or repair of a building is regarded by the parties as substantially completed, the subsequent rendering of some small service or furnishing some material to remedy a defect in the original construction work will not operate to extend the time for claiming a lien, or revive a lien that has expired. (Note 7 to *Badger Lumber Co. v. Parker*, 35 L. R. A., N. S., at 907, and authorities there cited.)

The judgment of the court below is reversed and the cause remanded, with instructions to adjudge these respective liens void as against the property therein described, and to dismiss the action of the respondent Gem State Lumber Company and of the defendant and cross-complainant E. H. Vogt, doing business under the firm name and style of Vogt Sheet Metal Works, as against the defendants and appellants W. H. Witty and Anna T. Witty, this to be without prejudice to either the respondent or cross-complainant in their respective actions against the defendant T. H. Johnson, and it is so ordered. Costs awarded to appellants.

McCarthy, Dunn and William A. Lee, JJ., concur.

Petition for rehearing denied.