## 43067. BRAWNER v. MARTIN & JONES PRODUCE COMPANY, INC.

HALL, Judge. The plaintiff appeals from the judgment sustaining the corporate defendant's motion for summary judgment. The defendant has made a motion to dismiss the appeal on the ground that the record was not transmitted to this court within 20 days after the appeal as required by Ga. L. 1965, pp. 18, 28, as amended, Ga. L. 1966, pp. 493, 497.

1. The notice of appeal was filed in the trial court on June 9, 1967, and a part of the costs paid on that date. The clerk mailed a bill for the balance of costs to the plaintiff on June 14, and this was paid and the record transmitted to this court on July 26.

The statute provided for the record in this case to be transmitted by June 29 (20 days after June 9). Had the record been transmitted on that date, the case would have been docketed in this court for argument at the September term. Due to the plaintiff's delay in payment of the balance of costs the record was not transmitted until July 26. Under the regular procedures of this court the case on that date was docketed for argument at the September term. Thus the delay in transmittal was not prejudicial to the defendant in causing a delay in hearing or decision of the appeal, and the defendant does not show any change in his position or inequity resulting from the delay in transmittal of the record.

The motion to dismiss is denied. *Hornsby v. Rodriguez,* 116 Ga. App. 234.

2. The petition alleged that the plaintiff was injured and dam-

aged by the negligence of the individual defendant, who was the agent of the corporate defendant and was driving a truck owned by the corporation within the scope and course of his employment. The petition specified negligent acts and omissions by the driver and alleged that the corporation was negligent in permitting him to drive when it knew or should have known that he did not have a driver's license. The defendant submitted in support of its motion for summary judgment the deposition of the driver, its employee, and an affidavit of an officer of the corporation. The affidavit stated: the affiant had hired the employee to load trucks, put up stock, clean up the loading dock and inside the building; he knew the employee did not have a driver's license; the employee's duties did not involve driving any vehicle, and he had been instructed never to drive any vehicle of the employer. The employee had never before the incident alleged driven or been given permission to drive any of the employer's vehicles and at the time in question had not been given permission to drive and was driving without the permission or knowledge of the employer; and at the time of the incident the employee was on his own time and was not on the employer's business. The deposition of the employee corroborated these facts, and he testified that the day of the incident he got to work before the time to punch the clock, 8 p.m., and he was just sitting around and he went out and got in one of the trucks and thought he would drive up and get some coffee while he was waiting.

In response to the motion the plaintiff submitted affidavits of the plaintiff and her husband, who was present in the car the plaintiff was driving. These affidavits stated that the employee did not say to the affiants after the collision that he was not at work or that he was not authorized to drive the truck, but seemed anxious and requested that his employer be notified of the collision and that the truck be returned to them. The affidavit of the plaintiff stated that she was prepared to testify at the trial that to her best perception and belief she had seen the employee driving a truck of Martin & Jones (the employer) around the lot at the Farmers' Market, where she did her shopping.

The defendant's evidence pierced the allegations of the petition that the employee was driving the employer's truck within the scope and course of his employment. The evidence presented by the plaintiff was insufficient to rebut the defendant's

evidence so as to create a conflict as to this essential issue of fact. The trial court did not err in granting the defendant's motion for summary judgment. *Studstill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766, 768, 770 (115 SE2d 374); *Scales v. Peevy*, 103 Ga. App. 42, 47 (118 SE2d 193); *Sparks v. Buffalo Cab Co.*, 113 Ga. App. 528, 530 (148 SE2d 919); *King v. Fryer*, 107 Ga. App. 715, 717 (131 SE2d 203); *Allen v. Safeco Ins. Co.*, 108 Ga. App. 278 (132 SE2d 859).

The order sustaining the motion for summary judgment was entered April 3, 1967, by Judge Etheridge. On April 11 the plaintiff presented to Judge Moore an amendment to her petition containing additional allegations of negligence against the defendant corporation. The court allowed this amendment subject to objection and demurrer. On April 28 the plaintiff filed a motion for reconsideration of the order granting summary judgment, alleging in substance that she expected to produce additional evidence of a principal-agent relationship between the employer and employee, and that she had retained new counsel with the consent and release of former counsel, and obtained a rule nisi directing the defendant to show cause why the motion for reconsideration should not be granted. The record does not show that the plaintiff had not had a reasonable opportunity to make out her case prior to the judgment, or that she presented any grounds at the hearing on this motion that would require the court to reconsider or modify the summary judgment. The court did not err at the hearing on May 23 in overruling the motion for reconsideration and confirming its order sustaining the motion for summary judgment.

On May 23 also the court sustained the defendant's general demurrer to the plaintiff's amendment allowed by Judge Moore. The summary judgment entered on April 3 was a final judgment in this case. Ga. L. 1959, pp. 234, 236; *Scales v. Peevy*, 103 Ga. App. 42, 46, supra. The amendment to the petition offered April 11 was too late, and the trial court did not err in sustaining the general demurrer thereto.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

Argued September 6, 1967—Decided September 15, 1967.

R. *Larry Turner, Israel Katz*, for appellant.

*Greene, Buckley, DeRieux, Moore & Jones, Harry L. Greene, Edgar A. Neely, III,* for appellee.