LYNDA FURE, Adm'r of the Estate of Duane Fure, Deceased, Plaintiff-Appellant, *v.* SHERMAN HOSPITAL *et al.,* Defendants.—(EDGAR A. FELDMAN, Defendant-Appellee.)

First District (3rd Division)   No. 76-1114

Opinion filed December 14, 1977.

A. J. Hardiman, of Chicago, for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (John F. White, Robert S. Soderstrom, and Mairen K. Christenson, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

■■ The issue raised by this appeal is whether a physician who is a shareholder of a corporation formed under the Medical Corporation Act (Ill. Rev. Stat. 1973, ch. 32, par. 631 et seq.) or under the Professional Service Corporation Act (Ill. Rev. Stat. 1973, ch. 32, par. 415—1 et seq.) is liable for the alleged malpractice of another physician-shareholder of the corporation, where the shareholder being sued (i) rendered no medical service to the patient, (ii) did not sign any hospital records or medical reports on the patient, (iii) did not exercise any supervision or control over the physician-shareholder who treated the patient, and (iv) was connected with the care of the patient only by signing a voucher form for the corporation to collect charges for physician's services from the patient's insurance carrier. The answer is in the negative, and we therefore affirm the judgment of the circuit court dismissing this action against Dr. Edgar A. Feldman.

The patient in question, whose executor is the plaintiff here, was treated by another physician who held shares in the corporation in which Dr. Feldman also was a shareholder. Although his name was typed on some of the patient's hospital and medical records, Dr. Feldman did not initial or sign any of these records, and he did not participate in the diagnosis, care, or treatment given the patient. The plaintiff alleged the corporation was organized under the Medical Corporation Act or the Professional Service Corporation Act, that Dr. Feldman signed an insurance claim on

behalf of the corporation, and that by signing this form Dr. Feldman held himself out as the attending physician. The form had to be presented to collect payments for medical services from the patient's insurance carrier.

Both the Medical Corporation Act and the Professional Service Corporation Act provide that corporations organized under these acts shall enjoy the powers and privileges, and be subject to the duties, restrictions and liabilities, of other corporations. The exceptions to this rule in regard to the former act are the limitations and enlargements created by the act itself, and in the latter act are anything inconsistent with the letter and purpose of the act.

Neither act contains a provision imposing liability on shareholders for acts or conduct of fellow shareholders, or otherwise enlarging the physician-shareholders' common-law liability for the acts of another shareholder. The Professional Service Corporation Act provides that a professional corporation shall have no greater liability for the conduct of its agents than a general business corporation. Ill. Rev. Stat. 1973, ch. 32, par. 415—8.

■■ Under both acts, a physician-shareholder has the same privileges and liabilities as a shareholder of any other Illinois corporation. In this state a shareholder, officer, director, agent or employee of a corporation is insulated from personal liability for the tortious acts of the corporation and its officers, agents, employees and shareholders in which he does not participate and resultant injuries to which he does not contribute. (*Stansell v. International Fellowship, Inc.* (1974), 22 Ill. App. 3d 959, 963, 318 N.E.2d 149; *Kulesza v. Chicago Daily News, Inc.* (1941), 311 Ill. App. 117, 126, 35 N.E.2d 517.) Thus, under basic corporate law doctrine, Dr. Feldman, like any other shareholder of an Illinois corporation, is not vicariously liable for the alleged malpractice of a fellow physician-shareholder who rendered services for the corporation.

The Medical Corporation Act imposes personal liability, but only upon the physician "furnishing medical service." (Ill. Rev. Stat. 1973, ch. 32, par. 644.) And, although the Professional Service Corporation Act provides that any shareholder, officer or director shall remain personally liable for any negligent acts or misconduct he commits (Ill. Rev. Stat. 1973, ch. 32, par. 415—8), it does not impose personal liability on a shareholder for the acts of another shareholder who was not working under his direct supervision and control.

Both acts require a medical corporation to comply with all rules and regulations of the Illinois Department of Registration and Education, this State's licensing authority for physicians. That Department has adopted no rule or regulation imposing personal liability on physicians practicing medicine in a corporate status for the torts of their fellow physician-shareholders, or requiring them to assume such liability as a condition of

owning stock or serving as an officer or director of a corporation engaged in medical practice.

The plaintiff relies on Illinois Supreme Court Rule 721 (Ill. Rev. Stat. 1973, ch. 110A, par. 721), which imposes liability on each shareholder of a corporation organized under the Professional Service Corporation Act to practice law for the acts, errors and omissions of the other shareholders arising out of the performance of professional services by the corporation. The supreme court is expressly authorized by the Professional Service Corporation Act to specify the terms under which a legal corporation may operate (Ill. Rev. Stat. 1973, ch. 32, pars. 415—3.2, 415—16), but the Act does not give the supreme court power to regulate the practice of any other profession in a corporate form. That authority, so far as medical corporations are concerned, is, as pointed out above, left to the Department of Registration and Education. The existence of Rule .721 is significant here, however, for if the Professional Service Corporation Act, as the plaintiff contends, altered the general rule of corporate liability by imposing vicarious liability on one shareholder for the acts of another, there would have been no need to adopt Rule 721 for corporations engaged in legal practice.

The voucher submitted to the patient's insurer does not fasten liability on Dr. Feldman, who signed the claim for payment not in a personal capacity, but on behalf of the corporation, certifying that services had been rendered by an agent of the corporation. By signing the voucher, he neither ratified any of the acts of his fellow officers or shareholders nor became a participant in the malpractice attributed to his fellow shareholder. The trial court's order allowing Dr. Feldman's motion to dismiss the action as to him was proper.

Judgment affirmed.

McNAMARA and JIGANTI, JJ., concur.