647 P.2d 766

**BARLOW'S, INCORPORATED, an Idaho corporation and Dean Rowsell, d/b/a Rowsell's True Value Home Center, Plaintiffs, Counter-Defendants and Respondents,**

v.

**BANNOCK CLEANING CORPORATION, Defendant, Cross-Defendant and Respondent,**

**The ESTATE OF Marc WUTHRICH, Deceased and Karl Wuthrich, Personal Representative of the Estate of Marc Wuthrich, Defendants, Counter-Claimants, Cross-Plaintiffs, Third-Party Plaintiffs and Appellants,**

v.

**BANNOCK CLEANING CORPORATION and Richard B. Welch and Janice Welch, and Leo R. Ladle, individually and as Trustees for Bannock Cleaning Corporation, a defunct corporation, and John Doe I through XIII and Jane Doe I through XIII, Cross-Defendants, Third-Party Defendants and Respondents.**

No. 13632.

Court of Appeals of Idaho.

May 13, 1982.

Rehearing Denied June 29, 1982.

Petition for Review Denied Aug. 30, 1982.

R. M. Whittier, Whittier & Souza, P. A., Pocatello, for defendants, counter-claimants, cross-plaintiffs, third-party plaintiffs and appellants.

Ronald J. Jarman of Pocatello, for plaintiffs, counter-defendants and respondents Barlow's, Inc., and Dean Rowsell.

Keith A. Zollinger, McDermott & McDermott, Pocatello, for cross-defendants, third-

party defendants and respondents Richard B. Welch and Janice Welch.

BURNETT, Judge.

This case arises from failure by a general contractor, Bannock Cleaning Corporation, to pay for subcontracted labor and materials on a home repair project. Two subcontractors, Dean Rowsell and Barlow's, Inc., filed liens against the subject property and commenced this action to foreclose their liens. The personal representative of Marc Wuthrich, deceased owner of the property, counterclaimed against the subcontractors for filing allegedly invalid liens; and he cross-claimed against the corporate general contractor. He also filed a third-party action against the corporation's officers, Richard and Janice Welch, alleging fraud and failure to comply with bulk sales laws in transferring corporate assets.[1]

The district court entered summary judgment in favor of the subcontractors on their liens, in favor of the property owner on his claim against the corporate general contractor, and in favor of the corporate officers on the claim made against them. The property owner has appealed the rulings in favor of the subcontractors and corporate officers. When the issues are consolidated, we are asked to decide three principal questions: (1) Do any procedural obstacles, or genuine issues of material fact, preclude summary judgment for the subcontractors? (2) Has the property owner established a genuine issue concerning his allegations of fraud and violation of bulk sales laws? (3) Are any of the parties entitled to attorney fees on appeal?

We affirm the judgment for the corporate officers and one of the subcontractors, Barlow's, Inc. As to the other subcontractor, Dean Rowsell, we vacate the judgment and remand for further proceedings to resolve a genuine issue of material fact concerning the validity of his lien.

I

The property owner challenges summary judgment for the subcontractors on both procedural and substantive grounds. We examine the procedural question first. Prior to entering summary judgment, the district court had denied a motion by the subcontractors for summary judgment on their claims. Later, the property owner and corporate officers filed similar motions of their own. Following a hearing on those motions, the district court entered summary judgment on all claims, including those of the subcontractors. The property owner now argues that the court improperly "revived" the subcontractors' prior motions for summary judgment.

We do not accept this characterization of the district court's decision. More precisely stated, when the property owner made his motion, the district court granted summary judgment against him as the moving party and in favor of the subcontractors as non-moving parties. The result undoubtedly disturbed the property owner, but the court acted within its authority.

A motion for summary judgment urges the trial court to hold that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). However, if the court determines, after a hearing, that no genuine issues of material fact exist, the court may enter judgment for the parties it deems entitled to prevail as a matter of law. Thus, in appropriate circumstances, the court is authorized to enter summary judgment in favor of non-moving parties. *E. g., Rasmuson v. Walker Bank & Trust Co.*, 102 Idaho 95, 625 P.2d 1098 (1981); *Just's, Inc. v. Arrington Const. Co., Inc.*, 99 Idaho 462, 583 P.2d 997 (1978). Similar authority exists under the federal counterpart to I.R.C.P. 56. *See generally* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2720 (1973).

1. Another officer or director, Leo R. Ladle, was named in the third party complaint, but was not served with process.

■ The court's power to enter summary judgment is not diminished by the mere fact that a prior motion for summary judgment has been denied. A denial of summary judgment does not reach the merits of the case. It is not final. The court may consider motions for summary judgment on more than one occasion, and may be persuaded to grant relief formerly denied. *Cf.* 10 C. Wright & A. Miller, *supra* § 2717, at 445–46; *Brawner v. Martin & Jones Produce Co., Inc.*, 116 Ga.App. 324, 157 S.E.2d 514 (1967).

We turn now to the substantive question of whether genuine issues of material fact precluded summary judgment for the subcontractors. In early 1978, the property owner's home was partially destroyed by fire. His insurance company engaged the general contractor to repair the damage. The general contractor subcontracted with Barlow's to perform electrical work, and with Rowsell to perform carpentry work as well as to furnish some building supplies.

From the subcontractors' affidavits and attached documentation, it appears that Barlow's performed most of its services during the summer of 1978. However, Barlow's did not complete the electrical work until January, 1979, when certain modifications were made at the direction of the state electrical inspector. It further appears that Rowsell also performed most of his services, and supplied materials, during the summer of 1978, but did not complete certain carpeting and cabinetry work until November, 1978. The property owner's insurance company paid the general contractor, but the contractor discontinued business in December, 1978, without fully paying the subcontractors. Rowsell filed a labor and materialmen's lien against the property approximately fifty-six days after his November work, and Barlow's filed a similar lien approximately eleven days after its work in January.

The property owner argues that neither lien was timely filed. Idaho Code § 45–507, as applied to a subcontractor, requires that his lien be filed for record within sixty days:

[a]fter the completion of any building, improvement or structure, or after the completion of the alteration or repair thereof, or in case he cease to labor or perform professional services thereon before the completion thereof, then after he so ceases to labor or to perform professional services or after he has ceased to labor or to perform professional services thereon for any cause, or after he has ceased to furnish materials therefor . . . .

■ The statute is not a model of clarity, but it has been interpreted to mean that the time for filing a lien starts to run when the claimant performs his last substantial work or makes his last substantial delivery of materials. *See Gem State Lumber Co. v. Witty*, 37 Idaho 489, 217 P. 1027 (1923). The time for filing a lien is not extended by performing a service, nor by furnishing an article, that is trivial in character. *Pierson v. Sewell*, 97 Idaho 38, 539 P.2d 590 (1975); *Gem State Lumber Co. v. Witty, supra; cf. Mitchell v. Flandro*, 95 Idaho 228, 506 P.2d 455 (1973).

In this case, the property owner's personal representative filed an affidavit generally alleging that all work by the subcontractors had been completed by October 1, 1978. No basis or factual support for this allegation was stated. Neither did the personal representative's affidavit contain any specific facts controverting those set forth in the subcontractors' affidavits and documentation. To the contrary, another affidavit by the same personal representative referred to work by Rowsell in November, 1978, and by Barlow's in January, 1979, and said merely that the personal representative had not authorized such work.

■ The district court held that the property owner had not raised a genuine issue as to when the subcontractors' work actually was performed. On appellate review, it is axiomatic that we must construe the record favorably to the party resisting summary judgment. *E. g., Intermountain Business Forms, Inc. v. Shepard Business Forms Co.*, 96 Idaho 538, 531 P.2d 1183 (1975). However, this axiom does not blind us to the difference between a factual

showing and a bare allegation. Affidavits containing general or conclusory allegations, unsupported by specific facts, are not sufficient to preclude entry of a summary judgment where, as here, the opposing affidavits set forth specific and otherwise uncontroverted facts. *See Roper v. Elkhorn at Sun Valley,* 100 Idaho 790, 605 P.2d 968 (1980); *Casey v. Highlands Ins. Co.,* 100 Idaho 505, 600 P.2d 1387 (1979). We hold that the personal representative's self-contradictory and unsupported allegation, that all work was completed by October 1, 1978, did not raise a genuine issue as to when the work actually was done.

The property owner next focuses particularly upon Rowsell's lien and contends that the November work was outside the scope of Rowsell's agreement with the general contractor. The issue is framed by one of Rowsell's own affidavits, in which he stated:

> I was advised by both the owner of Bannock Cleaning [general contractor] and Mark [sic] Wuthrich [property owner] that the check for payment for my firm's services *would not be released* until certain additional work was completed on the project .... Mark [sic] Wuthrich wished certain cabinets installed which were in addition to the work originally requested in my agreement with Bannock Cleaning. [Emphasis original.]

■ In its decision, the trial court did not specifically address the implications of this affidavit. As noted above, we must construe the record favorably to the property owner. Accordingly, we are constrained to hold that this affidavit creates a genuine issue as to whether the November work was, in fact, performed under Rowsell's original agreement with the general contractor. This disputed factual point is material to the outcome of the case because, if the November work was performed under a separate agreement, the two agreements could not be "tacked" together in computing the time for filing a lien. *See Valley Lumber & Manufacturing Co. v. Driessel,* 13 Idaho 662, 670, 93 P. 765, 768 (1907). In that event, the time for filing the lien

would have started to run during the summer of 1978; and the lien would be deemed invalid. We conclude that the summary judgment for Rowsell must be vacated, and the cause remanded to determine from the evidence whether, or to what extent, the November work was performed under Rowsell's agreement with the general contractor.

Finally, the property owner contends that Rowsell's November work, and the work performed by Barlow's in January, were "trivial" and could not extend the time for filing liens. The extent, if any, of the relationship between Rowsell's November work and his agreement with the general contractor will be determined on remand. Consequently, we are unable to say, on the present record, whether the November work was trivial in the context of that agreement.

■ However, the work done by Barlow's, and its relation to the agreement with the general contractor, are undisputed. The January work, as noted earlier, was performed at the direction of the state electrical inspector. The work comprised twelve hours of skilled labor, and resulted in a charge of $328.44. Barlow's total bill was $4,058.88. The district court expressly held that the work was not trivial, and that it was necessary to complete Barlow's performance under the agreement with the general contractor. We concur. *See Pierson v. Sewell, supra; cf. Gem State Lumber Co. v. Witty, supra.* We sustain the summary judgment in favor of Barlow's.

## II

In his third-party complaint, the property owner asked the court to disregard the corporate status of the general contractor and to impose personal liability upon its officers for the corporation's failure to pay the subcontractors. Upon the officers' motion, the district court entered summary judgment dismissing the third party complaint.

■ As a general rule, officers and directors of a corporation are not personally liable on corporate contracts. *E. g., Palou-*

*kos v. Intermountain Chevrolet Co.*, 99 Idaho 740, 588 P.2d 939 (1978). The separate existence of a validly formed corporation will be recognized unless it is shown that the corporate veil should be pierced to avoid unjust consequences inconsistent with the corporate concept. H. Henn, Law of Corporations § 146 (1970); *Surety Life Insurance Co. v. Rose Chapel Mortuary, Inc.*, 95 Idaho 599, 514 P.2d 594 (1973). In the instant case, the property owner alleged that such consequences flowed from fraud and from violation of bulk sales laws in the transfer of corporate assets.

The allegation of fraud was devoid of any particulars. In contrast, defendant Richard Welch filed an affidavit describing the financial difficulties experienced by the corporation before it discontinued business. The affidavit denied fraud by any officer or director. In the face of this affidavit and a motion for summary judgment, the property owner could not rest upon the mere allegation of fraud made in his third party complaint. He was required to respond, by affidavit or otherwise under I.R.C.P. 56(e), with specific facts showing that there was a genuine issue for trial. *See generally Petricevich v. Salmon River Canal Co., Inc.*, 92 Idaho 865, 452 P.2d 362 (1969). But he submitted nothing. We hold that summary judgment on the issue of fraud was proper.

The conduct of the officers, in transferring corporate assets, was placed at issue by the property owner's allegation that bulk transfer sections of the Idaho Uniform Commercial Code, I.C. §§ 28–6–101 *et seq.*, had been violated. Again, the property owner provided no particulars. In his affidavit, Richard Welch stated that when the corporation ceased doing business, all of its assets subject to security agreements were surrendered to secured parties, and all assets free of security interests were applied to liens imposed upon the assets for delinquent state and federal taxes. The property owner did not respond to this affidavit. Neither did the property owner present to the district court, nor has he cited to this court, any authority holding that such transfers are governed by the bulk sales statutes, that these statutes afford a general creditor a remedy against the transferor (as opposed to a purchaser) of the assets, or that violation of these statutes would constitute a reason to pierce the corporate veil.

We deem it unnecessary in this case to define the scope of enterprises subject to the bulk sales statutes, or the scope of remedies available for violation of the statutes. It is sufficient to note that transfers in settlement or in realization of liens or other security interests are exempt. I.C. § 28–6–103(3); *e. g., United States v. Gore*, 437 F.Supp. 344 (E.D.Pa.1977). The property owner has failed to establish as a genuine issue, that the transfers in this case fell outside the exemption. We sustain the entry of summary judgment on the bulk transfer issue.

### III

All parties have requested award of attorney fees on appeal. Such an award is appropriate when we are left with the abiding belief that an appeal has been brought or defended frivolously, unreasonably, or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). *Minich* was based upon I.C. § 12–121, which authorizes attorney fee awards only to prevailing parties. We deem the prevailing parties in this appeal to be Barlow's, whose lien we have upheld, and Richard Welch and Janice Welch, the corporate officers who have successfully defended summary judgment dismissing the complaint against them.

In our view, the property owner's appeal against these parties has presented no genuine issue of law. Neither has the appeal disclosed any genuine issue of fact that would have precluded summary judgment for these parties in the district court. We conclude that the appeal was brought without foundation, as to respondents Welch and Barlow's, Inc.

The summary judgment of the district court, except as to respondent Rowsell, is

affirmed.[2] Costs and attorney fees on appeal are awarded to respondents Welch and Barlow's, Inc. Summary judgment for respondent Rowsell is vacated and remanded for further proceedings consistent with this opinion.

WALTERS, C. J., and SWANSTROM, J., concur.

## ON DENIAL OF PETITION FOR REHEARING

The property owner contends that a genuine issue exists, concerning the timeliness of the lien filed by Barlow's, because the property owner did not request the final work performed at direction of the state electrical inspector. In our view, the issue is not what the property owner requested; it is whether the work in question was unnecessary or trivial. Although the property owner characterizes this as an issue of fact, there is no genuine dispute about the nature of the work itself.

In *Craig v. Hisaw, Inc. v. Bishop*, 95 Idaho 145, 504 P.2d 818 (1972), our Supreme Court held that capping and sealing a completed well, in order to comply with state health and safety regulations, would not be deemed unnecessary or trivial work. This holding is consistent with the general rule, in case law, that remedying a defect in work or materials, at demand of a public inspector, will extend the time to file a lien. *See* Annot., 54 A.L.R. 984, 988 (1928). There has been no showing in the present case that the defects resulted from bad faith or were inconsequential. Accordingly, we adhere to our affirmance of summary judgment for Barlow's.

The property owner also challenges our decision to uphold, against an allegation of fraud, summary judgment in favor of the officers of the Bannock Cleaning Corporation, the general contractor. Citing *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 561 P.2d 1299 (1977), the property owner argues that he was not required to make any showing of particular facts constituting the alleged fraud. However, our reading of *Smith* discloses that it stands only for a limited exception to the general rule, that the element of fraudulent intent must be specifically pleaded and proved. That exception arises where a corporate officer obtains a preference for himself by appropriation of corporate property, to the detriment of creditors of the corporation. *Id.* at 279, 561 P.2d at 1312.

There is no showing in this case that the corporate officers obtained any such preference. Consequently, the general rule, requiring specific pleading and proof of fraud, was applicable here. We continue to affirm summary judgment for the officers of Bannock Cleaning Corporation.

The property owner's petition for rehearing is denied.

WALTERS, C. J., and SWANSTROM, J., concur.

---

**2.** Counsel for respondents Welch has called our attention to an error in the judgment. The district court ordered that the property owner have judgment against Bannock Cleaning in the amount of the property owner's liability to Barlow's and to Rowsell. The court then ordered that the relief sought by the property owner against "Bannock Cleaning" be denied. It is apparent that the court meant to say that the relief sought by the property owner against Richard Welch and Janice Welch is denied. In oral argument, no party disputed the district court's true intent. On remand, the district court is instructed to correct this error in the judgment. Depending on the outcome of remand on the Rowsell claim, the language of the judgment in favor of the property owner and against the general contractor may also need to be modified.