**L.B. INDUSTRIES, INC., a corporation, et al., Plaintiffs-Appellants,**

v.

**David M. SMITH, an individual, et al., Defendants-Appellees.**

**No. 86–3725.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1987.

Decided May 8, 1987.

---

Charles F. McDevitt and Celeste Kim Vernetti, Boise, Idaho, for plaintiffs-appellants.

Robert B. Luce and R.B. Rock, Boise, Idaho, for defendants-respondents.

Before GOODWIN, SCHROEDER and FARRIS, Circuit Judges.

PER CURIAM:

L.B. Industries and several other contract creditors of Homestake Consulting and Investments, Inc., contend that David Smith, a corporate director of Independent Power Developers, Inc., and his employer Control Data Capital Corporation, a minority shareholder of Independent Power, are liable for the fraudulent misrepresentations allegedly made to L.B. Industries by William Delp, the president of Independent Power and Homestake Consulting. Although L.B. Industries acknowledges that neither Smith nor Control Data specifically directed, actively participated in, or knowingly acquiesced in Delp's alleged fraudulent activities, it argues that they should be held derivatively liable for Delp's alleged wrongdoing because Smith, as one of Independent Power's corporate directors, had some degree of knowledge of Delp's activities. The district court granted summary judgment in favor of Smith and Control Data, ruling that their relationship to Delp's alleged fraudulent activities was too remote for them to be derivatively liable. We affirm.

We review the district court's grant of summary judgment *de novo*. *Barry v. Blue Cross of California*, 805 F.2d 866, 868 (9th Cir.1986). Viewing the record in the light most favorable to L.B. Industries, we must determine whether there are any genuine issues of material fact and, if not, whether Smith and Control Data are entitled to summary judgment as a matter of law. *See Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986).

There are no genuine issues of material fact. It is undisputed that (1) in December 1979, pursuant to a financing arrangement between Control Data and Independent Power, Control Data designated Smith to sit on Independent Power's three-member board of directors; (2) internal Control Data memoranda reveal that from January 1980 through July 1981 Smith became increasingly concerned about the propriety of

Delp's activities on behalf of Independent Power; (3) at some point during that period, Control Data and Smith became aware that Independent Power was becoming unable to meet its contractual obligations; (4) Smith continued to sit on the board of Independent Power until June 1982, and a subsidiary of Control Data continued to provide technological assistance to Independent Power until that date; and (5) at no point did Smith or Control Data ever specifically direct, actively participate in, or knowingly acquiesce in Delp's alleged fraudulent activities.

The district court correctly ruled that Smith and Control Data are entitled to summary judgment as a matter of law. Idaho courts have recognized the rule that ordinarily corporate directors are not individually liable for corporate contracts. *See, e.g., Paloukos v. Intermountain Chevrolet Co.,* 99 Idaho 740, 588 P.2d 939, 941 (1978); *Barlow's, Inc. v. Bannock Cleaning Corp.,* 103 Idaho 310, 647 P.2d 766 (Ct.App.1982). Idaho courts have not addressed the related issue that is raised in this case: to what extent is a corporate director liable for the fraud or wrongdoing of the corporation or of its officers?[1]

It is an established principle of corporations law that corporate directors are not liable merely by virtue of their office for fraud or other tortious wrongdoing committed by the corporation or its officers. *See, e.g., Bischofshausen, Vasbinder & Luckie v. D.W. Jaquays Mining and Equipment Contractors Co.,* 145 Ariz. 204, 700 P.2d 902, 908–09 (Ariz.App.1985); *Speer v. Dighton Grain, Inc.,* 229 Kansas 272, 624 P.2d 952, 958–59 (1981); *Klockner v. Keser,* 29 Colo.App. 476, 488 P.2d 1135, 1137 (1971); *Taylor v. Alston,* 79 N.M. 643, 447 P.2d 523, 524 (1968); *see also Lobato v.*

*Pay Less Drugs, Inc.,* 261 F.2d 406, 409 (10th Cir.1958). *See generally* 3A W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 1137. Instead, to be held liable a corporate director must specifically direct, actively participate in, or knowingly acquiesce in the fraud or other wrongdoing of the corporation or its officers. *See, e.g., Bischofshausen,* 700 P.2d at 908–09; *Speer,* 624 P.2d at 958–59; *Grayson v. Nordic Construction Co.,* 92 Wash.2d 548, 599 P.2d 1271, 1274 (1979); *Fure v. Sherman Hospital,* 55 Ill.App.3d 572, 13 Ill. Dec. 448, 371 N.E.2d 143, 144 (1977); *Klockner,* 488 P.2d at 1137; *Taylor,* 447 P.2d at 524; *see also Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001, 1021 (9th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986); *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 907 (1st Cir.1980); *Lobato,* 261 F.2d at 409. *See generally* 3A W. Fletcher, §§ 1137, 1150.

The record indicates that Smith and Control Data did not specifically direct, actively participate in, or knowingly acquiesce in the fraudulent activities that Delp allegedly engaged in as president of Independent Power. L.B. Industries does not contend otherwise. Smith and Control Data are therefore not liable.

Smith and Control Data contend that L.B. Industries has brought a frivolous appeal, and urge us to require it to pay their costs and attorney's fees pursuant to Fed.R.App.P. 38. A frivolous appeal is one in which the result is obvious or the arguments of error are wholly without merit. *Hewitt v. City of Stanton,* 798 F.2d 1230, 1233 (9th Cir.1986) (per curiam). L.B. Industries' appeal was not frivolous.

AFFIRMED.

---

1. The district court incorrectly stated that "Idaho has adopted the general rule that corporate officers and directors are not individually liable for the conduct of the corporation. *See Paloukas [sic] v. Intermountain Chevrolet Co.,* 99 Idaho 740, 588 P.2d 939 (1978); *Barlow's, Inc. v. Bannock Cleaning Corp.,* 103 Idaho 310, 647 P.2d 766 (Idaho Ct.App.1982)." *L.B. Industries, Inc. v. Smith,* 631 F.Supp. 922, 925 (D.Idaho 1986). In *Paloukos,* the Idaho Supreme Court stated that "[i]n general, corporate officers are

not individually liable for the *contracts* of the corporation." 588 P.2d at 941 (emphasis added). In *Barlow's, Inc.,* the Idaho Court of Appeals stated that "[a]s a general rule, officers and directors of a corporation are not personally liable on corporate *contracts.*" 647 P.2d at 770 (emphasis added). Neither case considered the issue raised in this case concerning a corporate director's liability for the torts of the corporation or its officers.